## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BHUPA RAJ PANDEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-26-327-SLP |
| | ) |
| ROBERT CERNA, et al., | ) |
| | ) |
| Respondents. | ) |

### REPORT AND RECOMMENDATION

Petitioner Bhupa Raj Pandey, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Scott L. Palk referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 10, and Petitioner replied, Docs. 12 & 13. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and procedural history.

Petitioner is a citizen of Nepal who entered the country on or about June 10, 2023. Doc. 1, at 4-5. "[H]e applied for affirmative asylum" on January 5, 2024. *Id.* at 5. He alleges he was placed in removal proceedings under § 240, and attended his immigration court hearings while on release. *Id.* He was charged with possession of a controlled substance on September 14, 2025. *Id.* at 2. Petitioner alleges his case was refused for felony prosecution. *Id.* & Att. 1, at 1. The Stephenville District Attorney's records show that Petitioner was released on a "Personal Recognizance Bond" on January 2, 2026. *Id.* Att. 1, at 3. Immigration and Customs Enforcement (ICE) placed a hold on him and took him into custody on January 4, 2026. Doc. 1, at 2.

Respondents maintain Petitioner was placed in removal proceedings on January 5, 2026, and charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i), and (a)(7)(i)(I) of the Immigration and Nationality Act (INA). Doc. 10, at 2.[3]

---

[3]    Section 1182(a)(6)(A)(i) provides that an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General are ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(6)(A)(i).

Petitioner claims exhaustion would be futile because Immigration Judges (IJs) take the position they are constrained by the Board of Immigration Appeals' (BIA) decision in the *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). Doc, 1 at 3, 10; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).[4]

## II.    Petitioner's claims.

Petitioner raises five grounds for relief:

Ground One: Unlawful detention in violation of the INA and its implementing regulations;

Ground Two: Violation of the Due Process Clause of the Fifth Amendment;

Ground Three: Violation of the Administrative Procedure Act (APA) – Arbitrary and Capricious Agency Action;

Ground Four: Violation of the Fifth Amendment's Equal Protection Clause; and

---

Section 1182(a)(7)(i)(I)) provides that any immigrant, who at the time of application for admission, was not in possession of (1) a valid unexpired entry document as required by the INA, and (2) a valid travel document/document of identity and nationality as required by regulations is inadmissible. 8 U.S.C. § 1182(a)(7)(i)(I).

[4]    In *Q. Li* and *Hurtado,* the BIA held that those who entered the country without admission or parole are ineligible for a bond hearing and are detained under 8 U.S.C. § 1225(b)(2)(A). 29 I. & N. Dec. at 69; 29 I. & N. Dec. at 216. Neither *Q. Li* nor *Hurtado* binds this Court. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("[C]ourts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

Ground Five: Violation of the Suspension Clause of the United States Constitution.

Doc. 1, at 17-27. At bottom, he argues he is not subject to mandatory detention under § 1225(b)(2) and his continued detention in Respondents' custody violates the INA and his due process rights. *Id.*

Petitioner asks this Court to order Respondents to show cause directing Respondents to respond within three days, and set a prompt hearing; enjoin Respondents from transferring him during the pendency of his habeas proceeding[5]; declare his continued detention violates the INA, 8 U.S.C. § 1226(a), the APA, and/or the Due Process Clause of the Fifth Amendment; grant the writ of habeas corpus and issue a writ requiring his immediate release; and award him costs and reasonable attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at 27-28.

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in

---

[5]    The Court addressed Petitioner's requests when it ordered a response to the petition, and does not deem a hearing necessary. *See* Doc. 5.

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"When called on to resolve a dispute over a statute's meaning," the Court should "seek[] to afford the [statute's] terms their ordinary meaning at the time Congress adopted them" and to "exhaust all the textual and structural clues bearing on the meaning." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (internal quotation marks omitted). This Court's "'sole function' is to apply the law as the Court finds it, . . . not defer to some conflicting reading the government might advance." *Id.* (internal citation omitted); *see also Oklahoma v. U.S. Dep't of Health & Hum. Servs.*, 107 F.4th 1209, 1222 n.11 (10th Cir. 2024) (stating that the court "must independently interpret the statutory phrase irrespective of the parties' positions"), *judgment vacated on other grounds*, 145 S. Ct. 2837 (2025).

## IV. Discussion.

### A. Section 1226 governs Petitioner's detention.[6]

---

[6]   Respondents do not challenge the Court's jurisdiction to consider the petition. So the undersigned has dispensed with the general jurisdictional

Petitioner asserts that Respondents violated the INA by detaining him under the mandatory detention provision in § 1225(b)(2). Doc. 1, at 12-16. He argues this provision does not apply to him because he previously entered and had been residing in the United States before being apprehended. *See id.* at 16. So, as someone who is not a recent arrival seeking inspection and admission into the United States, Petitioner asserts his detention is governed—not by § 1225(b)(2)—but by § 1226(a). *Id.* at 16-18. Respondents contend that Petitioner and other noncitizens who have entered the country without inspection are applicants for admission under § 1225(a)(1) and are seeking

---

analysis and recommends the Court find there is no jurisdictional bar to consideration of Petitioner's claims. *See, e.g., Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) ("Petitioner's claim that Respondents are detaining him without a bond hearing in violation of the INA does not divest the Court of jurisdiction. Such a claim does not 'arise from' and is not directly connected to the commencement of removal proceedings, the adjudication of removability, or the execution of any removal order. Rather, Petitioner challenges the legality of his continued detention under the statutory framework governing custody and bond determinations."); *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026) ("Here, because Petitioner challenges the legal question of whether he is subject to mandatory detention under § 1225(b)(2)(A) or detention under § 1226(a), and he does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, § 1252(g) does not jurisdictionally bar consideration of the Petition."); *see also Hasan v. Crawford*, 800 F. Supp. 3d 641, 650 n.7 (E.D. Va. 2025) ("Federal courts throughout the country have similarly found that these jurisdiction-stripping provisions do not deprive the federal courts of jurisdiction to review a noncitizen's challenge to the legality of his detention.") (collecting cases).

admission under § 1225(b)(2)(A), whether they are passively residing in the country or not. Doc. 10, at 6-10.

Section 1225(a)(1) describes an "applicant[] for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). According to its plain language, "§ 1225(b)(2)(A) applies 'in the case of an alien who is an *applicant for admission*, if the examining officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.'" *Cortes*, 2026 WL 147435, at *4 (quoting 8 U.S.C. § 1225(b)(2)(A) (emphasis added by *Cortes*)). This section "authorizes the Government to detain certain aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

Section 1226(a), on the other hand, "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Id.* at 289 (emphasis added). "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Id.* (quoting § 1226(a)). "'Except as provided in [Section 1226(c)],' the Attorney General 'may release' an alien detained under § 1226(a) 'on . . . bond' or 'conditional parole.'" *Id.* (quoting § 1226(a)(1)-(2)).

This Court has previously compared §§ 1225 and 1226 and decided noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g., Cortes*, 2026 WL 147435, at *3-7; *see also Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026). The Court should reach the same result in this case.

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and "'[n]oncitizens 'seeking admission' are those who have not 'effected an entry' into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra,* 2025 3187432, at *3 (D.N.M. Nov. 14, 2025)). Because Petitioner effected entry into the country over two years ago, he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. Numerous Judges in this District have held likewise. *See Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 (W.D. Okla. Jan. 13, 2026) ("The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention."); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025) ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a)."); *Escarcega v. Olson,* No. CIV-25-1129-J, 2025 WL

8

3243438, at *2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of § 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the border." (internal quotation marks and alterations omitted))[7]; *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) ("[I]t is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an 'applicant for admission' to 'an alien present in the United States who has not been admitted or who arrives in the United States.' It could easily have included noncitizens who are 'seeking admission' within the definition but elected not to do so.") (internal citation omitted).[8] As well as determining that if "all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega,*

---

[7]    *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (holding § 1225 applied to the petitioner's detention); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2026) (same).

[8]    *But see Avila v. Bondi*, 2026 WL 819258, at *3 (8th Cir. Mar. 25, 2026) ((applying § 1225 to a similar habeas challenge); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (same).

2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)).

Petitioner's asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum").

When Petitioner was detained after residing in the country for over two years, he was not subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is subject to § 1226, and "is entitled to a prompt bond hearing before an immigration judge pursuant to § 1226(a)." *Cortes*, 2026 WL 147435, at *7.

The undersigned therefore recommends the Court grant Petitioner's habeas petition and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ under § 1226(a) within seven business days of the Court's adoption of this Report and Recommendation or, in the alternative, immediately release Petitioner.

10

**B.    The Court should decline to address the merits of Petitioner's remaining claims.**

Given the undersigned's recommendation as to the disposition of Petitioner's claim for relief under the INA, the undersigned recommends the Court refrain from addressing the merits of Petitioner's remaining claims. The Court can grant him the relief he seeks under § 1226(a). *See Cortes*, 2026 WL 147435, at *7 ("The Court declines to decide the merits of such claim and Petitioner may renew such a claim if he is not provided with a bond hearing or released within seven days of this Order.").[9]

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas application, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends**

---

[9]    Petitioner has also requested EAJA fees. Doc. 1, at 28. To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention").

**that the Court order Respondents certify compliance by filing a status report within ten business days of the Court's order.**

The undersigned further recommends the Court order that:

- Respondents shall not re-detain Petitioner without a pre-deprivation hearing before a neutral IJ pursuant to 8 U.S.C. § 1226(a);

- Counsel for Respondents provide a copy of the Court's order to Counsel for the Warden of the Diamondback Correctional Facility without delay; and

- Respondents file a Notice of Compliance with this Order with the Court as soon as is practicable.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by April 21, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[10] The undersigned further advises the parties that failure to make timely

---

[10]   Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to five days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that

objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

 **ENTERED** this 16th day of April, 2026.


_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

"while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").