**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BHUPA RAJ PANDEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-327-SLP |
| | ) | |
| ROBERT CERNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner Bhupa Raj Pandey, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 14] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 16], and the matter is at issue.

The Court reviews de novo any portion of the R&R to which the parties have made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS IN PART the R&R and GRANTS IN PART the Petition.

## I.     Background

Petitioner, a noncitizen and national of Nepal, entered the United States without admission or inspection on or about June 10, 2023. On January 5, 2024 he applied for

affirmative asylum.  Under INA § 240, Petitioner was placed in removal proceedings and attended his immigration court hearings while on release.  On September 14, 2025, Petitioner was charged with possession of a controlled substance.  His case was refused for felony prosecution and on January 2, 2026, Petitioner was released on a Personal Recognizance Bond.  On January 4, 2026, ICE placed a hold on Petitioner and re-detained him.  Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Thus, Petitioner has not been given the opportunity to post bond or be released on other conditions.  When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma, where he currently remains.[1]

On February 22, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act (INA), violation of his due process rights under the Fifth Amendment to the United States Constitution, violation of the Administrative Procedures Act (APA), violation of the Equal Protection Clause under the Fifth Amendment of the United States Constitution, and violation of the Suspension Clause of the United States Constitution.  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks immediate release from custody.

---

[1] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 13th 2026).

## II.   **<u>Discussion</u>**

The Magistrate Judge concluded that habeas relief should be granted, in part.  The Magistrate Judge recommended that the Court order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge further recommended that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process and remaining claims.[2]

Respondent's objection asserts that the R&R fails to apply the plain meaning of § 1225(b)(2)(A).  [Doc. No. 16 at 1.]  Petitioner has not responded to the Objection filed by the Respondents.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as governing Petitioner's detention.  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues and concluded that ICE detention of  similarly situated petitioners is governed by § 1226(a).  The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and

---

[2] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's due process or remaining claims.  The Court concurs with that recommendation and dismisses such claims without prejudice.

Second Circuits having ruled in a manner consistent with this Court.  *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (same).[3]  Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.  The Court finds no further relief is warranted.[4]

A separate judgment shall be entered.

IT IS SO ORDERED this 15th day of May, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] To date, the Tenth Circuit has not ruled on the issue.  *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).

[4] As the Magistrate Judge noted, if Petitioner seeks recovery of attorney fees under the Equal Access to Justice Act (EAJA), he "must seek those separately after a final judgment." *See* R&R at 11, n. 9 (citations omitted).